1  ROBERT E. THURBON SBN 133617
   JACQUELINE S. McHANEY SBN 182966
2  ANNE L. COLLINS SBN 244287
   THURBON & MCHANEY, LP
3  2339 Gold Meadow Way, Suite 210
   Gold River, California 95670
4  Telephone: (916) 636-1840
   Facsimile: (916) 638-7530
5
   Attorneys for Plaintiff
6  KENDALL LYNN

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11 KENDALL LYNN,                          Case No.

12          Plaintiff,                    **COMPLAINT FOR DAMAGES-RACE**
        vs.                               **DISCRIMINATION**
13
   GATEWAY UNIFIED SCHOOL DISTRICT,        DEMAND FOR JURY TRIAL
14 and DOES 1-50 inclusive,

15          Defendants.

16

17                      **I. JURISDICTION AND VENUE**

18     1.  Plaintiff's claims are brought pursuant to Title VII of the Civil Rights Act of 1964 and

19 its implementing regulations, 42 U.S.C. 2000(e).  The Court has jurisdiction over the subject

20 matter of this action pursuant to 28 U.S.C. §§1331 and 1343.  The Court has supplemental

21 jurisdiction pursuant to 28 U.S.C. §1367over the state law claims under the California Fair

22 Employment & Housing Act, Government Code §12920 et. seq.

23     2.  A substantial part of the events giving rise to the claims alleged in this Complaint

24 arose in the county of Shasta, California.  Venue therefore lies in the United States District Court

25 for the Eastern District of California, pursuant to 28 U.S.C. §84(b) and 28 U.S.C. §1391(b)(2).

26     3.  All administrative remedies have been exhausted.  In compliance with California

27 Government Code §910 et seq., Plaintiff provided notice of his claim of race discrimination

28 against Defendant and filed administrative claims for damages under the California Government

code §12920 with the California Department of Fair Employment and Housing. Plaintiff

thereafter received a right to sue notice, as the Department declined to exercise jurisdiction over

these actions. Plaintiff also filed claims for damages under Title VII of the Civil Rights Act of

1964 and 42 U.S.C. 2000(e) with the United States Equal Employment Opportunity

Commission. Plaintiff thereafter received a right to sue notice from the Department of Justice.

## II. PARTIES

4. Plaintiff, KENDALL LYNN is and was at all times mentioned herein a resident of Shasta County, the State of California.

5. Defendant, GATEWAY UNIFIED SCHOOL DISTRICT, is a school district operating under the laws of the State of California and having their principal place of business in Shasta County, the State of California.

6. Plaintiff is informed and believes that Doe defendants 1-50 are all agents of the GATEWAY UNIFIED SCHOOL DISTRICT and were at all relevant times acting in the course and scope of their employment or agency with the DISTRICT. Upon information and belief, each Doe defendant, directly or indirectly participated in the authorization, planning and supervision of the actions of the DISTRICT in this case. The true names and of these defendants are unknown to plaintiff and plaintiff will amend this Complaint to identify these defendants' true names when they have been ascertained.

7. Upon information and belief, at all relevant times each defendant was the agent and/or employee of each remaining defendants, and in doing the things herein alleged was acting within the course and scope of his or her employment and under color of law. Each of the defendants caused, and is responsible for, the unlawful conduct described herein. Each defendant is responsible for plaintiff's injuries by personally participating in the unlawful conduct; acting jointly and in concert with others who did so; authorizing, acquiescing or failing to take action to prevent the unlawful conduct; promulgating policies and procedures pursuant to which the unlawful conduct occurred; failing and refusing, with deliberate indifference, to implement and maintain adequate supervision; and/or by ratifying the unlawful conduct.

8. All of the defendants, and each of them, are sued both in their individual and official capacities.

### III. ALLEGATIONS

9. LYNN was hired by Defendant DISTRICT as the Director of Technology on or about April 1, 2004.

10. During LYNN's five year employment with the DISTRICT, he did not receive any negative evaluations nor was he disciplined or counseled that his performance was below DISTRICT standards.

11. LYNN alleges based on information and belief that he was the only African American employee of the DISTRICT.

12. LYNN alleges that during his employment at the DISTRICT, he was treated differently than the white employees.

13. During LYNN's five year employment with the DISTRICT, LYNN was directed by former Superintendent John Strohmayer not to attend Board Meetings even though other Directors, Manager, and Principals were permitted to attend Board Meetings and were required to attend Board Meetings to present items and issues to the Board that involved the Director/Managers' Department.

14. Mr. Strohmayer permitted and required white Directors/Managers to prepare reports and to submit them to the Board of Trustees at formal Board Meetings but required LYNN to prepare reports and information, give them to Strohmayer, and Strohmayer presented them to the Board and would not permit LYNN to make presentations to the Board.

15. LYNN alleges based on information and belief that Strohmayer was asked by Board members why LYNN did not attend Board Meetings, since all other Directors and school principals attended Board Meetings and made reports to the Board, and Strohmayer informed the Board that LYNN was "too busy".

16. LYNN alleges based on information and belief that other Directors and Managers were given annual evaluations.

17. LYNN was never given an annual evaluation and when he asked for one, he never received a response.

18. LYNN alleges based on information and belief that he was the only Director without a private office space, even though there were vacant offices within the District Administration Building, for a period of three years, while his requests for a private office comparable to the private offices provided to white Directors was ignored.

19. LYNN alleges based on information and belief that former Superintendent Strohmayer, treated LYNN differently than white Director/Management level employees.

20. In 2008, after receiving a private office space, new Superintendent Robert Hubbell ordered LYNN to vacate his private office and move to the technology work room.

21. When LYNN was placed on a medical leave of absence by his physician, Mr. Hubbell required LYNN to turn in his District computer, keys, cell phone and all other District property.

22. LYNN alleges based on information and belief that white employees placed on medical leave absences still employed with the District were not required to turn in their District keys and equipment during leaves of absence.

23. LYNN alleges based on information and belief that individuals holding Director's positions managing different department within the District were provided written employment contracts renewed on July 1st of each year. Mr. Hubbell refused to issue LYNN a written contract of renewal, but issued a written contract renewal to white Directors.

24. LYNN made several requests that his annual renewal contract be provided to him, and Hubbell refused to issue the renewal.

25. LYNN told Hubbell that he was the only African American employee and the only African American Director in the District and the only Director not provided with the traditional written annual contract renewal suggesting to Hubbell it appeared to be racially discriminatory and that it looked bad for the District.

26. LYNN alleges that Hubbell simply smiled at LYNN and did not respond to his concerns.

27. On or about August 19, 2009, Mr. Hubbell recommended to the Board of Trustees that LYNN's position be eliminated and that LYNN be laid off based on economic concerns due to the budget crisis in the State of California. LYNN was the only Director or management level employee laid off and other white Directors and management level employees were not laid off.

28. During the meeting in which Superintendent Hubbell recommended LYNN's termination to the Board of Trustees, Mr. Hubbell remarked to the Board and audience that the DISTRICT was lucky to have all white students and almost no diversity. Mr. Hubbell implied that there were advantages, financial and otherwise, to the District of maintaining an all white District.

29. LYNN was notified of his lay off on August 17, 2009 and even though his last date of paid service was October 7, 2009, he was ordered by Mr. Hubbell not to talk to any of his technicians or any other District staff.

30. Mr. Hubbell also ordered other District staff and technicians not to speak directly to LYNN.

31. LYNN had a positive professional working relationship with Jody Thulin, the former Assistant Superintendent/CBO who was fired for engaging in protected whistleblower activities regarding illegal bidding activities. LYNN alleges based on information and belief that Strohmayer, Hubbell and others believed that LYNN had supported Thulin in her whistleblower activities and had provided her with emails and related information in support of her whistleblower activities.

32. LYNN alleges based on information and belief that immediately following his lay off, a white technician was promoted to perform many of the duties that LYNN performed as Department Director. Another white consultant was also hired to provide supplementary technology services, including performing some of the duties that LYNN performed as Department Director.

33. LYNN alleges based on information and belief that Superintendent Hubbell treated LYNN differently than he treated white Managers/Directors and terminated LYNN because he

believes that the DISTRICT obtains financial and other types of "advantages" of being an "all white" District".

34. LYNN alleges based on information and belief that Hubbell's recommendation to the Board and decision to dismiss LYNN are distinctly related to a discriminatory intent to achieve an all white District with little or no diversity.

35. LYNN alleges that he was terminated because of his race and that his race was a motivating factor in the DISTRICT's decision to terminate him.

## IV. FIRST CAUSE OF ACTION
*Race Discrimination*
*Violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. 2000(e)*

36. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 35 as though fully set forth herein.

37. On or about September 30, 2009 LYNN provided notice to the DISTRICT of his claim of race discrimination against DISTRICT.

38. On or about November 10, 2009 the DISTRICT rejected LYNN's claim.

39. On or about March 11, 2010 LYNN filed charges of racial discrimination against DISTRICT with the United States Equal Employment Opportunity Commission. Mr. Lynn thereafter received a right to sue notice.

40. DISTRICT discriminated and/or retaliated against LYNN on the basis of his race. The foregoing conduct violates Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), et. seq.

41. DISTRICT'S discriminatory and/or retaliatory conduct described above has resulted in the loss of past and future wages and other job benefits, and has caused LYNN to suffer humiliation, embarrassment and emotional distress in an amount to be determined at trial.

42. DISTRICT'S discriminatory and/or retaliatory conduct described above has caused and will continue to cause LYNN substantial losses in earnings, promotional opportunities and other employment benefits in an amount to be determined at trial.

43. WHERFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

## V. SECOND CAUSE OF ACTION
*Race Discrimination*
*Violation of California Government Code §12940 et seq.*

44. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 43 as though fully set forth herein.

45. On or about September 30, 2009 LYNN filed charges of racial discrimination against DISTRICT with the California Department of Fair Employment and Housing. Mr. Lynn thereafter received a right to sue notice.

46. DISTRICT discriminated and/or retaliated against LYNN on the basis of his race. The foregoing conduct violates the California Fair Employment and Housing Act, Government Code §12940, et. seq.

47. DISTRICT'S discriminatory and/or retaliatory conduct describe above has resulted in the loss of past and future wages and other job benefits, and has caused LYNN to suffer humiliation, embarrassment and emotional distress in an amount to be determined at trial.

48. DISTRICT'S discriminatory and/or retaliatory conduct describe above has caused and will continue to cause LYNN substantial losses in earnings, promotional opportunities and other employment benefits in an amount to be determined at trial.

49. WHERFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For general damages according to proof at trial;

2. For special damages according to proof at trial;

2. For costs of suit herein incurred;

3. For reasonable attorney's fees; and

4. Any further relief which the Court may deem appropriate.

Dated: April 22, 2010                      THURBON & McHANEY, LP

By: _Anne Collins_____
ANNE L. COLLINS
Attorneys for Plaintiff
KENDALL LYNN

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: April 22, 2010                      **THURBON & McHANEY, LP**

By: _Anne Collins_____
ANNE L. COLLINS
Attorneys for Plaintiff
KENDALL LYNN