John P. Kelley CSB No. 168904

LAW OFFICES OF
**HALKIDES, MORGAN & KELLEY**

833 MISTLETOE LANE
POST OFFICE DRAWER 492170
REDDING, CALIFORNIA 96049-2170
(530) 221-8150
FAX (530) 221-7963
John@Reddinglaw.com

Attorneys for Defendant
GATEWAY UNIFIED SCHOOL DISTRICT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

KENDALL LYNN,

Plaintiff

v.

GATEWAY UNIFIED SCHOOL DISTRICT and DOES 1-50, inclusive,

Defendant.
_____/

No. 2:10-CV-00981-JAM-CMK

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEY'S FEES

DATE: May 2, 2012
TIME: 9:30 a.m.
COURTROOM: 6
JUDGE: John A. Mendez
TRIAL DATE: 07/09/12

**I.**

**INTRODUCTION**

This motion stems from Thurbon's illegal and unethical conduct and Mr. Lynn's illegal conduct surrounding the theft of 39,312 emails from the Gateway Unified School District ("School District"). On December 7, 2011, this Court considered a sanctions motion filed by the School District. Although the Court disqualified Thurbon, it denied, without prejudice, the School District's request for attorney's fees incurred as a result of the investigation and filing of the sanction motion as the School District did not provide

billing records with its motion. The School District now re-files the motion, with billing records as requested by the Court.

Based on the prior findings of the Court surrounding Thurbon and Lynn's conduct, see Docket 64, the School District requests $53,555.00 in attorney's fees as sanctions for illegal conduct of Lynn and Thurbon.

## II.

## FACTS

As the Court is already familiar with facts of Lynn's theft of 39,312 emails and Thurbon's litigation abuses and ethical violations surrounding Lynn's theft, the facts will not be repeated here. The Court is referred to the Court's order (Docket 64) and the School District's original motion for sanctions (Docket 46-51 & 55) for a detailed factual basis. A brief summary of the facts is provided below, the factual support for these factual assertions are contained in the Court's prior order and/or the prior documents submitted with original motion for sanctions.

Plaintiff Kendall Lynn was the Director of Technology for the Gateway Unified School District. Less than a week after being informed he would be laid off from his job, Mr. Lynn went out on medical leave even though his layoff did not take affect for two more months. Two days _after_ Lynn went out on medical leave he accessed the School District's server and downloaded almost 40,000 emails. This unauthorized copying of the emails was a theft. Lynn turned the emails over to his attorney Robert Thurbon as he thought some of the emails would help his racial discrimination suit. Thurbon took possession of the emails, knowing they had been obtained illegally, and allowed another one of his clients, Jody Thulin, to review the emails to look for ones that would help her case against the School District. When the emails started coming to light in discovery in the Thulin case, Thurbon, in violation of his ethical duties,

revealed Lynn's crime in a sworn declaration.  He then had Lynn sign a declaration admitting his theft in the Thulin case.  Thurbon's conduct of taking possession of stolen materials, using stolen materials, and having Lynn set forth this crime in Court documents, violated numerous ethical duties.  In various state court proceedings, Thulin, Lynn and Thurbon have been ordered to the return of the emails, but Thurbon violated these orders by retaining some of the emails.  Thurbon was eventually held in contempt by the Shasta County Superior Court, fined $2,500.00 and ordered to pay the Gateway Unified School District $5,000.00 in attorney's fees.

Previously the Gateway Unified School District applied to this Court for dismissal of the litigation, an evidentiary sanction regarding the emails, disqualification of Thurbon from representing Lynn and/or for attorney's fees as sanctions for the theft, possession, use, withholding of the emails, as well for various ethical violations by Thurbon.  This Court declined to dismiss the litigation, but did issue an evidentiary sanction prohibiting Lynn from using the emails in the case.  Further the Court granted the motion to disqualify Thurbon from representing Lynn finding Thurbon had violated numerous ethical standards.  The Court denied without prejudice the request for attorney's fees as the Gateway Unified School District did not submit with its motion, actual billing records.  The Court stated a motion seeking attorney's fees could be refiled if the billing records were attached. (Docket #46, pg. 12.)  Following this guidance, this motion is being brought with the billing records attached seeking attorney's fees for the time spent pursuing discovery and litigation in this federal court matter directly related to Lynn and Thurbon's misconduct.

### III.

### THE COURT HAS INHERENT AUTHORITY TO ACCESS ATTORNEY'S FEES

The Court has the "inherent power to impose order, respect, decorum, silence,

and compliance with lawful mandates." (*U.S. v. Shaffer Equip. Co.,* 11 F.3d 450, 461 (4th Cir. 1993).)  When a party wrongfully obtains documents outside the normal discovery process, a number of different types of sanctions are available.  These include dismissal of the action, the compelled return of all documents, restrictions regarding the use of the documents at trial, disqualification of counsel and monetary sanctions.  (*Fayemi v. Hambrecht & Quist, Inc.,* 174 F.R.D. 319, 324-27 (S.D.N.Y. 1997).)  Courts have considerable discretion in choosing the appropriate sanction under its inherent authority and may, for example, dismiss claims, enter default judgment, and award attorney's fees and costs.  (*United States v. Shaffer Equip. Co.,* 11 F.3d 450, 461-62 (4th Cir. 1993); see also *Glynn v. EBO Corp.*, 2010 WL 3294347 (D.Md. 2010) [imposing a $20,000 monetary sanction for the theft of emails].)

In order to exercise its inherent power, the court must conclude a person's conduct was committed in bad faith.  (*Mendez v. County of San Bernardino,* 540 F.3d 1109, 1131 (9th Cir. 2008).)  The court, citing *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 767, S.Ct. 2455 (1980), held a finding of bad faith can be supported by behavior delaying or disrupting litigation.  *(Mendez* at 1132.)  In *Lipsig v. National Student Marketing Corp.*, 663 F.2d 178, 181 (D.C.Cir. 1980), the court affirmed an award for practices constituting discovery abuses and improper litigation tactics.

In the present case, the School District requests $53,555.00 in attorney's fees. On December 7, 2011, the Court denied the prior motion for attorney's fees as sanctions without prejudice.  The School District resubmits the motion with accompanying bills supporting the request.  The fees were incurred as a result of investigating, researching, and preparing various motions regarding and surrounding Lynn's theft and use of emails and Thurbon's use of emails and ethical violations in this Federal case.  These violations led the Court to disqualify Thurbon from the case and

to issue an evidentiary sanction.

The School District provided extensive evidence in the first sanction motion, therefore it will not be submitted here unless required by the Court. In short, the School District's investigation revealed after Lynn was told his position was going to be eliminated, he stole 39,312 emails from the School District's email server. He gave them to his attorney, Thurbon, for use in his and his co-worker's cases against the School District. The 39,312 emails included emails protected by the attorney-client privilege, financial privileges, confidential personal data, individual education plan documents and various student records.

The School District acted quickly to obtain Court orders in two state court cases requiring return of the stolen documents and prevented Thurbon and Lynn from using or discussing the stolen documents once the theft was learned. Despite the orders, Lynn and Thurbon produced some of them at Lynn's February 17, 2011, deposition.

Over the course of the litigation, Lynn, Thurbon, and Thurbon's other client, Thulin, were given numerous opportunities to provide an accounting of how many documents were taken, how they were taken, who had taken them, and to return the documents. Instead, the School District was met with resistance, delay, and conflicting versions of events conflicting with the true facts surrounding the theft of the emails. Even in the face of overwhelming evidence and authority, Thurbon and Lynn kept the documents and failed to acknowledge the method of acquisition was improper. Additionally, both failed to provide a believable explanation regarding when and why the documents were stolen. Instead, they insisted on focusing on 115 pages of emails, not the 39,312 emails constituting over 100,000 pages.

The bottom line, as recognized by this Court, Lynn stole the emails and gave them to Thurbon for use in his case and the case of his co-worker. Then, possibly

committing numerous state and federal criminal violations, as well as numerous ethical violations, Thurbon used the documents to prosecute two cases. Notably, in these prosecutions, Thurbon ultimately protected one client over the other and then protected himself at the peril of his client in an obvious conflict of interest Thurbon himself realized as early as August 2010.

For the numerous and serious ethical violations Thurbon was disqualified from the case and the stolen documents were excluded from trial. As a result, of the ethical violations and disqualifications, Lynn was forced to retain another attorney and the trial was postponed. Thurbon and Lynn's conduct has caused delay and resulted in increased litigation and attorney's fees for the School District.

### IV.

### REASONABLE ATTORNEY'S FEES ARE RECOVERABLE

As noted above, as part of the Court's inherent power, it can sanction an attorney or and/or party for bad faith litigation tactics and abuses. Lynn's self-help surrounding his theft and concealment of privileged documents and Thurbon's ethical violations have caused considerable additional litigation in this federal matter. This includes several motions, depositions, some involving motions surrounding attendance, court appearances, and numerous meet and confer correspondence aimed at informally resolving the dispute.

As noted in the declarations of John P. Kelley and Richard W. Clopine, 213.6 hours were incurred or is anticipated to be incurred, as a result of Plaintiff's theft and Thurbon's actions in using the emails to prosecute Lynn's case. A reasonable attorney fee rate of $250.00 for Mr. Kelley and $200.00 an hour for Mr. Clopine, is warranted. Based on the time spent and a reasonable attorney fee rate, $53,555.00 in attorney's fees is requested as sanctions for Lynn's and Thurbon's illegal and improper conduct.

The declarations of John P. Kelley and Richard W. Clopine set forth precisely how this time and amount was calculated. Below is a summary of what is contained in the declarations.

When Lynn's theft of the emails was learned through Thurbon's disclosure of this fact in the Thulin case, a motion to amend the School District's answer was drafted, filed and ultimately granted in this case. The amended answer added the "after acquired evidence" defense to the answer. For work surrounding the motion, researching the motion, preparing the amended answer and receiving the order, Mr. Clopine billed 4.9 hours and Mr. Kelley billed 6.6 hours.

The initial disclosure pursuant to Rule 26 submitted by Lynn made a cryptic reference to "emails." Suspecting these were emails Mr. Lynn stole, meet and confer letters were sent to Mr. Thurbon's office and research performed on the specificity required in a Rule 26 disclosure. 1.7 hours was spent in this process.

When Mr. Thurbon refused to specify or provide any information as to what emails the initial disclosure referred, Mr. Lynn's deposition was set up with a request he bring these emails to his deposition. Sending out the deposition notice, preparing for the deposition and taking the deposition of Mr. Lynn resulted in Mr. Kelley billing 12.1 hours. Mr. Clopine assisted during the lunch break of the deposition reviewing the hundreds of pages produced at the start of Lynn's deposition. He billed .9 for his time. Recognizing Mr. Lynn's deposition would have been taken regardless of whether the emails were stolen, only 50% of his time was included in the attorney fee calculation set forth above.

In order to obtain the necessary evidence of the email theft and Thurbon's use of the emails, Thurbon's deposition was noticed. Mr. Thurbon resisted the taking of his deposition and filed a motion for protective order. The Magistrate Judge denied the

motion for protective order and Mr. Thurbon's deposition went forward. Mr. Kelley billed 15.5 hours for meet and confer letters, opposing the motion for protective order, attending the hearing on the motion for protective order and then taking Mr. Thurbon's deposition. Mr. Clopine assisted briefly in some of the research and billed .2 for his work.

In one of the state cases, Mr. Thurbon stated he had submitted the 147 pages of the Thulin emails to an attorney named Brooks in Sacramento for review. Mr. Brooks found some of the emails covered by the attorney-client privilege. As Mr. Thurbon continued the claim in various Court documents <u>none</u> of the documents Lynn stole were protected by the attorney-client privilege, Mr. Brook's deposition was noticed. Mr. Thurbon claimed attorney-client privilege regarding his contact with Mr. Brooks, there were a number of meet and confer letters and discussion about his deposition before it went forward. Eventually the deposition did go forward in Sacramento. Mr. Kelley billed 11.6 hours for this process.

Mr. Clopine started the motion for sanctions/disqualification/dismissal and it was eventually completed by Mr. Kelley. The final motion consisted of 33 pages of points and authorities and over 200 pages of exhibits. There were almost a dozen declarations submitted with the motion. Lynn's opposition brief, prepared by Thurbon, was 39 pages long and attached 140 pages of exhibits. The School District's reply brief was 16 pages long. The Court then held oral arguments in Sacramento and granted the motion. For this process, Mr. Clopine billed 81.3 hours and Mr. Kelley billed 66.9 hours. Following the hearing, the Court asked Defendants prepare an order. Mr. Kelley prepared the order and it took 7.3 hours.

For this motion for attorney's fees, Mr. Clopine has billed 12 hours. Another 20 hours of work is anticipated reviewing opposition briefs, preparing reply briefs and

appearing in court at the hearing.

## V.

## **CONCLUSION**

Based on the foregoing, and pleadings and evidence submitted by the School District on November 9, 2011, (Docket 46-51 & 55), documents and evidence submitted in connection with the School District's sanction motion, the School District respectfully requests $53,555.00 in attorney's fees as sanctions.

DATED:  April 2, 2012

                            HALKIDES, MORGAN & KELLEY


                            By:   /s/ JOHN P. KELLEY
                                JOHN P. KELLEY
                                Attorneys for Defendant
                                GATEWAY UNIFIED SCHOOL DISTRICT