UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENDALL LYNN,<br><br>    Plaintiff,<br><br>  v.<br><br>GATEWAY UNIFIED SCHOOL DISTRICT and DOES 1-50, inclusive,<br><br>    Defendants. | Case No. 2:10-CV-00981 JAM-CMK<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO CONTINUE PRETRIAL CONFERENCE AND TRIAL |

This matter comes before the Court on Plaintiff Kendall Lynn's ("Plaintiff") Motion to Continue Pretrial Conference and Trial (Doc. #90). Defendant Gateway Unified School District ("Defendant") opposes the motion.[1]

///

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is the former Director of Information Technology for Defendant. Plaintiff, an African-American, was dismissed from his position on August 19, 2009. After his termination, on August 26 or August 27, 2009, Plaintiff, without permission, downloaded 39,312 emails from Defendant's server – the server contained the emails of every employee in the entire school district for at least four months. Of those 39,312 emails, 115 were relevant to Plaintiff's case. On October 12, 2009, Plaintiff forwarded some of the emails to his attorney, Robert E. Thurbon ("Thurbon"). Thurbon took possession of the electronic emails and had them loaded onto his office computer in June 2010; Thurbon used those emails for Plaintiff's case and for litigation concerning Judy Thulin ("Thulin"), another client.

This matter proceeded through discovery with an initial trial set for March 2012. On December 7, 2011, this Court held a hearing on Defendant's Motion to Dismiss and Motion for Summary Judgment. In its Motion to Dismiss, Defendant argued that Plaintiff and Thurbon should be sanctioned by a dismissal for using the ill-gotten emails. The Court denied the Motion to Dismiss, but it disqualified Thurbon and it forbade Plaintiff from introducing any evidence about the contents of the emails (Doc. #64) ("December 16 Order"). The Court denied Defendant's Motion for Summary Judgment. Id. Plaintiff immediately sought substitution of counsel and requested a continuance of the March trial date. The Court granted the substitution of counsel (Doc. #65) and reset the final pretrial conference for June 1, 2012 and the trial for July 9, 2012 (Doc. #69).

Both Thurbon and Plaintiff appealed the December 16 Order to the Ninth Circuit (Docs. ##70 and 72, respectively). Subsequent to the Court granting Plaintiff's request for a continuance, the Ninth Circuit Court of Appeals granted Defendant's Motion to Dismiss Plaintiff's Appeal but allowed Thurbon's appeal to proceed (Docs. ###82 and 89, respectively).

## II. OPINION

### A. Legal Standard

#### 1. Motion for a Continuance

The decision to grant or deny a request for a continuance lies within the discretion of the trial court. Ungar v. Sarafite, 376 U.S. 575, 589 (1964). Upon review of a trial court's ruling on a request for a continuance, the Ninth Circuit has adopted a four-pronged test, commonly referred to as the Flynt factors. United States v. Flynt, 756 F.2d 1352 (9th Cir. 1985). The four-pronged test is applied to both criminal and civil cases. United States v. 21 Acres of Land, 791 F.2d 666 (9th Cir. 1985). The Flynt factors, to be equally weighed, are: diligence, usefulness, inconvenience, and prejudice. Id. at 671.

### B. Claims for Relief

Plaintiff argues that the Court should continue the trial until after the Ninth Circuit decides Thurbon's appeal because of judicial economy and, if the Ninth Circuit overturns this Court's order after a trial, Plaintiff would be denied his counsel of choice. Defendant counters that Plaintiff has no right to his counsel of choice, Plaintiff's current counsel, Mr. Shumacher, does not claim he is unprepared to proceed, and that Defendant will suffer prejudice if the trial is continued again because with time

memories fade and witnesses become unavailable.

The Court finds good cause for a continuance. If the Ninth Circuit overturns this Court's order disqualifying Thurbon, Plaintiff should be able to proceed with his counsel of choice. This is significant to Plaintiff because Thurbon developed the case and created the trial strategy. Additionally, the Court finds Defendant's argument that it will be prejudiced by the delay unavailing. During the December 7, 2011 hearing, the Court explicitly asked Defendant's counsel if he was prepared to accept a delay upwards of a year in order to bring the Motion to Disqualify. See Ex. B to Decl. of Matthew C. Shumacher in Support of Pl.'s Reply Br. (Doc. #93). Counsel for the Defendant answered in the affirmative. Id. Furthermore, the potential unavailability of witnesses is not a compelling argument. Discovery has closed so testimony has been preserved by deposition for any witnesses who might become unavailable while the trial is continued. See Fed. R. Ev. 804(b)(1)(A).

Accordingly, the Court finds that Plaintiff has been diligent in substituting new counsel and seeking a continuance when his prior counsel was disqualified; this continuance is useful because it will allow the Ninth Circuit to consider Thurbon's appeal, which might allow Plaintiff to try his case with his counsel of choice; the inconvenience of granting the continuance is minimal; and while this issue is significant to Plaintiff, the prejudice against the Defendant is slight. For all these reasons, the Court GRANTS Plaintiff's Motion to Continue Pretrial Conference and Trial.

III. ORDER

For the reasons set forth above,

Plaintiff's Motion to Continue Pretrial Conference and Trial is GRANTED. The current pretrial conference and trial dates are vacated.  The parties are ordered to file a joint status report on November 26, 2012 or within five (5) days after the Ninth Circuit issues its opinion, whichever occurs first.  IT IS SO ORDERED.

Dated: May 22, 2012

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE