UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENDALL LYNN, <br><br> Plaintiff, <br><br> v. <br><br> GATEWAY UNIFIED SCHOOL DISTRICT and DOES 1-50, inclusive, <br><br> Defendants. | Case No. 2:10-CV-00981 JAM-CMK <br><br> ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS |

This matter comes before the Court on Defendant Gateway Unified School District's ("Defendant") Motion for Attorney's Fees (Doc. #80). Plaintiff Kendall Lynn ("Plaintiff") and Plaintiff's former counsel, Robert E. Thurbon ("Thurbon") oppose the motion.[1]

///

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for May 2, 2012.

1

I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is the former Director of Information Technology for Defendant. Plaintiff, an African-American, was dismissed from his position on August 19, 2009. After his termination, on August 26 or August 27, 2009, Plaintiff, without permission, downloaded 39,312 emails from Defendant's server – the server contained the emails of every employee in the entire school district for at least four months. Of those 39,312 emails, 115 were relevant to Plaintiff's case. On October 12, 2009, Plaintiff forwarded some of the emails to his attorney, Thurbon. Thurbon took possession of the electronic emails and had them loaded onto his office computer in June 2010; Thurbon used those emails for Plaintiff's case and for litigation concerning Judy Thulin ("Thulin"), another client.

On December 7, 2011, this Court held a hearing on Defendant's Motion to Dismiss and Motion for Summary Judgment. In its Motion to Dismiss, Defendant argued that Plaintiff and Thurbon should be sanctioned by a dismissal for using the ill-gotten emails. The Court denied the Motion to Dismiss, but it disqualified Thurbon and it forbade Plaintiff from introducing any evidence about the contents of the emails (Doc. #64). The Court denied Defendant's Motion for Summary Judgment. Id. Before the Court is Defendant's Motion for Sanctions (Doc. #80). Plaintiff and Thurbon separately oppose the motion (Docs. # 84, 83, respectively).[2]

---

[2] Defendant filed Objections to Briefs and Evidence (Doc. #86) arguing that the briefs were untimely as to the Court's Pre-Trial Scheduling Order (Doc. #14) because Thurbon's opposition was thirty-three minutes late and Plaintiff's opposition was ninety minutes late. The Court denies Defendant's objections and will decide the motion on the merits. Defendant also renews its hearsay objection to the James Fruuen Deposition based on FRE 804(b)(1) and Kirk v. Raymark, Inc., 61 F.3d 147, 164 (3d Cir. 1995). The Court again sustains the objection. See Second Am. Mem. & Order (Doc.

## II.  OPINION

### A.  Legal Standard

#### 1.  Attorneys' Fees

The Court has "inherent power" to sanction for discovery violations.  Mark Indus., Ltd. v. Sea Captain's Choice, Inc., 50 F.3d 730, 732 (9th Cir. 1995).  The Court has discretion to discipline for willful abuse of the judicial process or bad faith conduct.  Id.  "For purposes of imposing sanctions under the inherent power of the court, a finding of bad faith does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of a colorable claim will not bar the assessment of attorney's fees." Id. (internal quotations omitted).

### B.  Claims for Relief

#### 1. Attorneys' Fees as Sanctions

Defendant argues Plaintiff and Thurbon stole the emails, potentially committing state and federal violations, as well as ethical violations.  Defendant contends that Plaintiff and Thurbon's conduct has caused delay and resulted in increased litigation and attorneys' fees for Defendant.  Defendant asks the court to award $53,555.00 in attorneys' fees as sanctions for Plaintiff and Thurbon's conduct.

---

#64) at 15:8-16.  Finally, Defendant argues that all documents filed by Thurbon should be stricken for failing to comply with Local Rule 131(b), (c), & (d).  Though Thurbon used the attorney log-in name and password for his law partner, Jacqueline McHaney ("McHaney"), he provides proper identification per Local Rule 131(a) so the Court is not concerned about misuse of Thurbon's or McHaney's signature.  Accordingly, the Court overrules Defendant's objection to documents filed by Thurbon.

1    Plaintiff and Thurbon filed separate oppositions.  Plaintiff
2 argues that he made a copy of the email server to preserve evidence
3 and protect himself; he was not acting in bad faith.  Plaintiff
4 further argues that he was already sanctioned because the emails
5 are excluded and he lost his counsel of choice.  Finally, Plaintiff
6 contends that awarding attorneys' fees would not vindicate the
7 judicial process or benefit the court, but rather, would act as a
8 windfall for Defendant.
9    Thurbon argues that as a preliminary matter, this Court lacks
10 jurisdiction because the Court's December 7, 2011 order has been
11 appealed.  Thurbon further argues that it would be more efficient
12 for the Court to consider the motion for sanctions after the Ninth
13 Circuit issues its decision.  In the alternative, Thurbon contends
14 that none of his conduct was in bad faith because the emails were
15 public records, Plaintiff was preserving records, and Thurbon did
16 not violate any ethical or legal obligations by utilizing the
17 emails in Plaintiff's litigation.
18             a) <u>Jurisdiction</u>
19    Contrary to Thurbon's assertions, the Court is permitted to
20 consider a motion for attorney's fees despite an appeal.
21 <u>Masalosalo by Masalosalo v. Stonewall Ins. Co.</u>, 718 F.2d 955,
22 956-57 (9th Cir. 1983)(holding that the district court retains the
23 power to award attorneys' fees after the notice of appeal from the
24 decision on the merits has been filed).  Accordingly, the Court has
25 jurisdiction to hear the instant motion.
26 ///
27 ///
28 ///

          b) Bad Faith

"The district court's authority to impose sanctions under its inherent powers is broad, but not limitless." Mendez v. Cnty. of San Bernardino, 540 F.3d 1109, 1131 (9th Cir. 2008). "Before awarding sanctions under its inherent powers[,] the court must make an explicit finding that counsel's conduct constituted or was tantamount to bad faith." Id. (internal citations omitted). A finding of bad faith may be appropriate when, among other things, a party engages in behavior that has the effect of "delaying or disrupting the litigation or hampering enforcement of a court order." Id. at 1131-32. The "bad faith requirement sets a high threshold." Id. at 1132.

    Both Plaintiff and Thurbon argue that they did not act in bad faith when Plaintiff downloaded the emails from Defendant's server and when Thurbon used the emails for Plaintiff's and Thulin's litigation.

    Both Plaintiff and Defendant analogize this case to Ashman v. Solectron Corp., 2008 WL 5071101 (N.D.Cal. Dec. 1, 2008). In Ashman, an employment case, the plaintiff, Ashman, accessed the defendant's internal emails and other documents to bolster his EEOC complaint. 2008 WL 5071101 at *2. Ashman, similar to the instant plaintiff, argued that he was not acting in subjective bad faith because he was trying to preserve evidence. Id. at *3. The court held that "[w]hile Ashman's claim that he was trying to preserve evidence may tend to show that he did not act with subjective bad faith, Ashman is bound by the same discovery rules as any other litigant. Discovery self-help is not a protected activity." Id. The court sanctioned Ashman by requiring him to return all of the

1  defendant's documents within his possession, and the court barred
2  him from using or referring to any privileged content within the
3  documents.  Id. at *4.  However, the court allowed Ashman to use
4  any document produced by Defendant during the normal course of
5  discovery.  Id.  The court also ordered Ashman to be responsible
6  for the expenses incurred by the defendant in connection with
7  making the instant motions.  Id.  Finally, the court found that
8  disqualification of Ashman's counsel was not appropriate.  Id.
9       Here, the Court has already found that Plaintiff and Thurbon
10 acted in bad faith for downloading the emails and unlike the court
11 in Ashman, this Court sanctioned them by disqualifying Thurbon and
12 forbidding Plaintiff from introducing any evidence about the
13 contents of the emails, even though those emails are public records
14 and if Plaintiff had properly engaged in discovery, he could have
15 utilized them in this litigation.  See Cal. Pub. Records Act, Cal.
16 Gov. Code §§ 6250-6270.  Forbidding the emails, which arguably
17 could help Plaintiff's case, in addition to disqualifying his
18 counsel of choice, are severe enough sanctions for Plaintiff.
19 Similarly, the Court's disqualification of Thurbon is a sufficient
20 sanction for Thurbon.  Though Defendant argues that Thurbon
21 violated professional codes of conduct and penal rules, the Court
22 has already considered that behavior and imposed disqualification
23 as a sanction.  "If sanctions are warranted by th[e] circumstances,
24 the court should not waiver in imposing them.  In so doing,
25 however, the court must be meticulously aware that this precarious
26 balance can only be maintained if the sanctions are justly
27 imposed."  Matter of Yagman, 796 F.2d 1165, 1182-83 (9th Cir.
28 1986).  Because the Court has already sanctioned Plaintiff and

6

Thurbon, it has sufficiently punished them for their behavior and there is need to impose the sanction of attorneys' fees as well.

### III. ORDER

For the reasons set forth above,

Defendant's Motion for Sanctions is DENIED.

IT IS SO ORDERED.

Dated: May 22, 2012

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE